100 Wn.2d 313 (1983)
669 P.2d 465
RICHARD E. BOYLES, Respondent,
v.
WASHINGTON LAW ENFORCEMENT OFFICERS' AND FIRE FIGHTERS' RETIREMENT BOARD, Petitioner.
No. 49085-6.
The Supreme Court of Washington, En Banc.
September 15, 1983.
*314 Kenneth O. Eikenberry, Attorney General, Rochelle E. Wienker, Assistant, and Clifford D. Foster, Special Assistant, for petitioner.
Reaugh & Prescott, by J.E. Fischnaller, for respondent.
ROSELLINI, J.
Petitioner, Washington Law Enforcement Officers' and Fire Fighters' Retirement Board,[1] challenges a Superior Court ruling which reversed the Board's determination that respondent Richard E. Boyles was not entitled to retirement benefits. The sole issue raised by the petition for review is whether the Court of Appeals applied the proper test for determining whether respondent was entitled to retirement benefits. We find that the court below did not apply the correct standard. We reverse.
The facts giving rise to this action are undisputed.
The Franklin County Sheriff's Department first employed respondent in 1965 when he accepted a position as deputy sheriff. Eventually, he rose to the position of *315 undersheriff to Sheriff Ted Harter. When Sheriff Harter became disabled and retired, respondent was appointed to fill the remainder of the term. Respondent then was elected to the position and served two full terms. He was defeated in his bid for a third term in the 1978 primary election. In November of that year he applied for disability benefits, asserting that his physical condition prevented him from performing the ordinary duties of a sheriff. He cited a chronic lung condition and a hearing impairment as the source of his disability. The Franklin County Disability Board denied Boyles' application. Boyles sought and received de novo review before the State Board. Again, benefits were denied.
When Boyles sought judicial review, the trial judge reversed the Board's order, disagreeing with the Board's interpretation of the word "disabled". The Board had found that Boyles was not disabled because he "could perform the obligations and duties of Sheriff in an administrative capacity and as Chief Executive Officer of the office of Sheriff of Franklin County with reasonable and average effectiveness." Board's conclusion of law 4.
The trial judge, on the other hand, concluded that an individual is disabled when "he is no longer able to perform, with average efficiency, all of the ordinary duties which may be required of his position, grade or rank with the law enforcement or firefighting department." Conclusion of law 8. The trial judge looked to RCW 36.28.010, which defines the duties of a sheriff, for guidance. The court concluded that respondent was disabled from performing the duties described in the statute and reversed the Board.
The Board appealed the trial court's decision, arguing that an improper standard of review had been applied. Division Three of the Court of Appeals affirmed the Superior Court. Boyles v. Washington Law Enforcement Officers' & Fire Fighters' Retirement Bd., 32 Wn. App. 703, 649 P.2d 646 (1982). The Board then petitioned for review, claiming that the decision of the Court of Appeals conflicted *316 with Clark v. Board of Police Pension Fund Comm'rs, 189 Wash. 555, 66 P.2d 307 (1937). Review was granted. We reverse.
Claims for disability are heard by either city or county disability boards authorized by RCW 41.26.110. Any person aggrieved by a disability board ruling may appeal the order of determination to the director of the retirement systems. RCW 41.26.200. RCW 41.26.220 provides that upon such appeal, a hearing de novo shall be conducted by the retirement board or its duly authorized representatives. Judicial review of this decision is then governed by the provisions of the administrative procedure act, RCW 34.04. RCW 41.26.220.[2]
RCW 36.28.010 describes the duties of a sheriff:
The sheriff is the chief executive officer and conservator of the peace of the county. In the execution of his office, he and his deputies:
(1) Shall arrest and commit to prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses;
(2) Shall defend the county against those who, by riot or otherwise, endanger the public peace or safety;
(3) Shall execute the process and orders of the courts of justice or judicial officers, when delivered for that purpose, according to law;
(4) Shall execute all warrants delivered for that purpose by other public officers, according to the provisions of particular statutes;
(5) Shall attend the sessions of the courts of record held within the county, and obey their lawful orders or directions;
(6) Shall keep and preserve the peace in their respective counties, and quiet and suppress all affrays, riots, unlawful assemblies and insurrections, for which purpose, and for the service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace, they may call to their aid such persons, *317 or power of their county as they may deem necessary.
Petitioner acknowledges that this statute defines the duties of a sheriff but asserts that it must be read in conjunction with RCW 36.28.020, which defines the position of deputy sheriff. That section states that "[e]very deputy sheriff shall possess all the power, and may perform any of the duties, prescribed by law to be performed by the sheriff".
Both parties admit these statutes form the background for interpreting the statute which defines the term "disability", RCW 41.26.120. That statute states that a member of the Law Enforcement Officers' and Fire Fighters' Retirement System is eligible for disability retirement if he has "any disability which has been continuous since his discontinuance of service and which renders him unable to continue his service, whether incurred in the line of duty or not." The issue then is what effect the statutory definition of a sheriff's position has on a determination of disability.
The Board urges that disability is to be measured by looking to the duties the particular sheriff actually performed, rather than the statute. If the sheriff can still perform these duties, he is not sufficiently disabled to qualify for benefits. Here, Boyles supervised a staff of 15 deputy sheriffs and 1 undersheriff. Since Boyles had delegated the majority of those tasks involving physical exertion to these deputies, the Board concludes no disability exists.
Respondent, on the other hand, urges that the proper standard for determining his disability is contained in the statute. Though admitting that the sheriff may delegate many tasks, respondent argues that the sheriff must still be able to perform the statutory responsibilities if needed. Alternatively, he contends that his disability should be judged by those duties performed by a deputy sheriff. Under this standard, respondent seeks to retire at sheriff's pay, while his disability is determined by asking whether he can perform the duties of a deputy. We agree with the standard, but not the result respondent suggests.
*318 [1] Our decision is based on the fact that as an elected official, respondent retained the right to revert to his prior job as a deputy sheriff. RCW 41.04.120 provides:
Any civil service employee of the state of Washington or any political subdivision thereof who is on leave of absence by reason of having been elected or appointed to an elective office shall be preserved in his civil service status, his seniority, rank and retirement rights so long as he regularly continues to make the usual contribution incident to the retention of such beneficial rights as if he were not on leave of absence: ...
Conversely, once respondent was defeated in the election, he retained no right to the job of sheriff once his term expired. The electorate, having decided to reject his reelection bid, clearly mandated that as of the final day of his term he could no longer be sheriff.
We believe a fair reading of these statutes leads to the conclusion that respondent's defeat in this election also ended his right to disability benefits as a sheriff. Our conclusion is based on the consequences of a contrary interpretation. To allow a sheriff who has been defeated in a reelection bid to retire as sheriff would prolong the benefits of the position of the office beyond the time period when the electorate had decreed that they were to end. Such a result is neither logical nor fair.
Relying solely on the time period in which respondent applied for benefits, the Board and the Court of Appeals held that petitioner's disability was to be determined by referring to the duties of a sheriff. Since he was still a sheriff when he initially applied, they held that his disability and benefits were to be determined by those duties. We disagree and reverse.[3]
*319 The case is remanded for action in accordance with this opinion.
WILLIAMS, C.J., and STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.
Reconsideration denied March 12, 1984.
NOTES
[1] The 1982 Legislature, by passage of Laws of 1982, ch. 163, § 5, p. 655, abolished the Washington Law Enforcement Officers' and Fire Fighters' Retirement Board and transferred all of its powers, duties and functions to the Director of the Washington State Department of Retirement Systems.
[2] The Board originally argued before the Court of Appeals that the trial judge had exceeded the proper scope of review in entering new findings of fact and conclusions of law. Our disposition of this case makes it unnecessary to reach this issue.
[3] Furthermore, though we expressly reserve the broad issue of what standards should be used in determining disability for a sheriff, we find the Court of Appeals analysis on this issue troublesome.