[No. 51594-8. En Banc. March 27, 1986.]

RICHARD E. BOYLES, *Respondent,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Kathy L. Nolan, Assistant,* for appellant.

*Peter H. D. McKee* (of *Reaugh & Prescott*), for respondent.

DORE, J.—Richard Boyles served as Sheriff of Franklin County from 1970 to 1978. In 1978, he ran for a third term, but lost in the primary election. Prior to the expiration of his term, Boyles applied for disability retirement, claiming that a bronchial asthma condition and a hearing impairment prevented him from carrying out his duties as sheriff. The Franklin County Disability Board and, in a de novo hearing, the Washington State Department of Retirement Systems acknowledged the existence of Boyles' ailments, but nevertheless, denied him disability retirement.

Boyles applied to the Franklin County Superior Court for review of the Department's decision. That court reversed the Department of Retirement Systems' holding, determining that the Department's findings of fact concerning the nature and extent of Boyles' disabilities precluded Boyles from performing the duties of Franklin County Sheriff with average efficiency. The Court of Appeals affirmed the trial court's ruling. This court, however, in *Boyles v. Washington Law Enforcement Officers' & Fire Fighters' Retirement Bd.,* 100 Wn.2d 313, 669 P.2d 465 (1983) (*Boyles* I), reversed the Court of Appeals, and held that "respondent's defeat in this election also ended his right to disability benefits as *a sheriff.*" *Boyles* I, at 318. We also held that Boyles "retained the right to revert to his prior job as a deputy sheriff."

Subsequently, the Department moved this court to reconsider that part of the ruling which held that Boyles had the right to revert to his prior deputy sheriff position. We denied the motion and remanded the case to the trial court. On remand, without taking any additional testimony, the trial court held that the administrative record was sufficient to show that Boyles could not perform the duties of

deputy sheriff with average efficiency and granted Boyles' claim for disability.

The Department bases its appeal on the adequacy of the administrative record. The Department has asserted that the record does not indicate whether Boyles had the right to revert to a deputy sheriff position or whether a deputy sheriff position existed which Boyles could have performed despite his ailments. We find these contentions meritless and dismiss this appeal. We also grant Boyles' claim for attorney fees pursuant to RAP 18.9.

I

In *Boyles* I, we specifically ruled that Boyles "retained the right to revert to his prior job as a deputy sheriff." *Boyles* I, at 318. The Department of Retirement Systems, in a motion for reconsideration, asked us to change this language in the opinion. We denied the motion. The Department, using this appeal, has again raised the identical issue before this court, and we again hold that Boyles, in assuming the elected office of sheriff, maintained the right to return to his prior civil service position of deputy sheriff.

RCW 41.04.120 governs civil service reversion rights for individuals who assume elected offices. It provides:

> Any civil service employee of the state of Washington or of any political subdivision thereof who is on leave of absence by reason of having been elected or appointed to an elective office shall be preserved in his civil service status, his seniority, rank and retirement rights so long as he regularly continues to make the usual contribution incident to the retention of such beneficial rights as if he were not on leave of absence: *Provided,* That such contributions being made shall be based on the rank at the time of taking such leave of absence.

*Boyles* I, at 318. The Department does not challenge the fact that Boyles continued to make retirement contributions.

Had Boyles assumed the elected office of sheriff directly from his previous position as deputy sheriff, the plain lan-

guage of this statute would apply. However, Boyles had transferred from his initial position as deputy sheriff to the exempt position of undersheriff before being appointed to the sheriff's position.

■ Nevertheless, this distinction does not persuade us that Boyles should lose his right to revert to his prior civil service position of deputy sheriff. Otherwise, qualified individuals who would receive appointments to higher exempt civil service positions would be reticent to accept the promotion for fear of jeopardizing their reversion rights if they later were appointed to an elective office. Our argument is bolstered by RCW 41.14.290, which went into effect in 1979. RCW 41.14.290 provides, in part:

> Any classified employee having civil service status in a position may take an appointment in an exempt position in the same county and maintain the right to return to his or her regular position or to a like position at the conclusion of such appointment.

This language supports the view that RCW 41.04.120 should grant him the right to revert to deputy sheriff, irrespective of whether he assumed the elected sheriff position directly from the deputy sheriff position, or via the exempt undersheriff position. To do otherwise would penalize Boyles for accepting promotion to undersheriff before he was appointed to Sheriff of Franklin County.

We hold that our original decision in *Boyles* I was correct. Boyles had the right to revert to a deputy sheriff position once his tenure as sheriff ended, and his inability to perform the duties of deputy sheriff with average efficiency would justify his disability retirement under RCW 41.26.

## II

The Department has also claimed that the original findings of fact made by the administrative examiner do not justify, as a matter of law, that Boyles should receive disability retirement. The Department contends that additional fact–finding is necessary, and that the case should be remanded to the Director of the Department of Retirement

Systems for further testimony. This contention is not based on the scope or nature of Boyles' physical problems; uncontradicted testimony by three doctors indicated that Boyles could not run up one flight of stairs or perform any vigorous physical duty without suffering a debilitating bronchial spasm. Rather, the Department claims that new deputy sheriff positions may exist other than the patrol deputy sheriff position which would not involve the same amount of vigorous physical activity. Those positions could include duties such as crime prevention or administration.

This claim requires us to decide whether a deputy sheriff may be able to perform all of the statutory duties of a sheriff,[1] or only those duties actually performed by a deputy sheriff presently working in Franklin County. RCW 36.28.020, which defines the powers of deputy sheriffs, provides in part that:

> Every deputy sheriff shall possess all the power, and *may perform* any of the duties, prescribed by law to be performed by the sheriff . . .

(Italics ours.) The Department asserts that this statute does not require a deputy to perform all the duties of a sheriff, and by law a person could be a deputy sheriff in a county without being able to perform vigorous physical

---

[1]The statutory duties of a sheriff are codified in RCW 36.28.010:

"The sheriff is the chief executive officer and conservator of the peace of the county. In the execution of his office, he and his deputies:

"(1) Shall arrest and commit to prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses;

"(2) Shall defend the county against those who, by riot or otherwise, endanger the public peace or safety;

"(3) Shall execute the process and orders of the courts of justice or judicial officers, when delivered for that purpose, according to law;

"(4) Shall execute all warrants delivered for that purpose by other public officers, according to the provisions of particular statutes;

"(5) Shall attend the sessions of the courts of record held within the county, and obey their lawful orders or directions;

"(6) Shall keep and preserve the peace in their respective counties, and quiet and suppress all affrays, riots, unlawful assemblies and insurrections, for which purpose, and for the service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace, they may call to their aid such persons, or power of their county as they may deem necessary."

activity.

■ Our previous holding supports this position. In *Clark v. Board of Police Pension Fund Comm'rs,* 189 Wash. 555, 66 P.2d 307 (1937) a policeman disabled in a motorcycle accident, who was then unable to ride a motorcycle, was required to return to work because a number of other non-motorcycle positions were subsequently created which he could still perform. *Clark* stands for the position that a disability will exist only when an individual cannot perform any ordinary duties of a police officer of the injured worker's salary and rank. *See also* WAC 415–105–060(2). The position need not be identical to the position which the policeman had prior to the injury, merely of comparable salary and rank. *See also People ex rel. Metcalf v. McAdoo,* 184 N.Y. 268, 77 N.E. 17 (1906). A similar result can also be found in our recent holding in *Malland v. Department of Retirement Sys.,* 103 Wn.2d 484, 694 P.2d 16 (1985).

Nevertheless, this requirement that Boyles can only receive disability retirement if he cannot perform any comparable Franklin County deputy sheriff position does not require additional testimony as to what deputy sheriff positions actually exist. The testimony at the administrative hearing established that the Franklin County Sheriff's Office consisted of "the Sheriff, Undersheriff, and 15 road Deputy Sheriffs . . ." Finding of fact 5. Clerk's Papers, at 107. No other deputy sheriff positions existed besides road deputy sheriffs, and the physical exertion required by this position was found to be too demanding for Boyles.

Furthermore, if a new position arose in the Franklin County Sheriff's Office which did not involve physical activity, the Department could reexamine Boyles to determine if he would be capable of fulfilling the new position. RCW 41.26.140. We held in our recent decision of *Malland v. Department of Retirement Sys., supra,* that a reexamination of a disabled law enforcement officer was permitted whenever a change in job requirements occurred. *Malland,* at 491.

■ To compel further fact–finding on whether such a

change has occurred, however, would prevent the applicant from ever obtaining disability retirement. At each stage of an appeal regarding a disability retirement controversy, the Department of Retirement Systems could argue that a new position *may* have arisen in which the person could, with the same physical disability, perform the duties. The Department could do this without, as in this case, offering an iota of proof that such a job has been created. The Legislature clearly contemplated the possibility of technology reducing the scope of disabilities by enacting RCW 41.26-.140, and we would decline to require an individual from having to show that new positions have not been created which he or she would be able to perform. It is sufficient that the person could not perform the duties of a position of comparable rank at the time of the disability hearing.

### III

Boyles claims that this appeal was solely designed to delay payment of his disability award and to force him to abandon his efforts to receive disability. He has requested this court to award attorney fees, pursuant to RAP 18.9. We grant the request.

RAP 18.9(a) states in part that:

> The appellate court . . . on motion of a party may order a party or counsel who uses these rules for the purpose of delay . . . to pay terms or compensatory damages to any other party who has been harmed by the delay . . .

These compensatory damages typically involve payment of part or all of the moving party's attorney fees. *In re Marriage of Healy,* 35 Wn. App. 402, 667 P.2d 114 (1983); *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 665 P.2d 887 (1983).

■ This court's decision in *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983) restated the requirements which must be met in order for a party to be awarded sanctions:

> In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justi-

fying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

This appeal has occurred because the Department of Retirement Systems would not accept our previous decision in *Boyles* I. We ruled that Boyles had the right to revert to a deputy sheriff's position. While today we have clearly and unambiguously held that the actual duties and not the statutory duties, of a deputy sheriff should be used in determining whether a person is disabled, this holding is not necessary to decide the outcome of this case.

The uncontradicted evidence at the administrative hearing showed that Boyles could not perform any strenuous physical activity whatsoever. Furthermore, the record establishes that the Franklin County Sheriff's Department consisted of only 15 deputy sheriffs, all of whom were on patrol, and all of whom would have to perform vigorous physical activity. Therefore, Boyles could not perform the statutory nor the actual duties of a deputy sheriff, and he should have been given disability retirement. The Department should not have withheld Boyles' disability pay in order to clarify the law on what standard should be used to determine disability when, regardless of the standard, Boyles would receive his retirement. It is worth noting that the trial judge had no problem with our opinion. He ruled that the administrative record "clearly and convincingly establish Dick Boyles' inability to perform the duties of deputy sheriff with average efficiency and, therefore, establish his right to disability retirement . . ." Order on Further Review of Record, at 2. The trial court then granted Boyles' claim for disability leave from January 9, 1979 to

July 9, 1979, followed immediately by disability retirement from the position of deputy sheriff.

At that point, we believe that the case should have been over. Boyles had justifiably won his right to disability retirement. Nevertheless, the Department contested the decision, when the facts of the case justified Boyles receiving retirement under all circumstances. The effect is that Boyles received a much smaller service retirement allowance, has had the added stress of maintaining a lawsuit for over 6 years to obtain what is rightfully his, and has incurred costly legal fees. He has also suffered a heart attack during this period.

We totally disagree with the Department's actions in this case. It has alternate remedies under RCW 41.26.140 if a new position arose which Boyles could perform with average efficiency, and it had no reason to appeal the trial court order carrying out our instructions in *Boyles* I. We find the appeal of *Boyles* I was frivolous.

Boyles has submitted an affidavit claiming he incurred $6,791 in attorney fees and $383 in costs. We find such requested attorney fees and costs to be reasonable and we order the Department of Retirement Systems pay to Boyles the total sum of $7,174.

We further order the Washington State Department of Retirement Systems to carry out the provisions of this decision. Specifically, we order the Department to grant Boyles disability leave from January 9, 1979 to July 9, 1979, followed immediately thereafter by disability retirement as of July 9, 1979. Boyles is entitled retroactively to all disability payments in the amount that they exceed the retirement benefits he has been drawing, plus interest on such amount in accordance with the statutes of the State of Washington.

DOLLIVER, C.J., and CALLOW and GOODLOE, JJ., concur.

UTTER, J. (concurring in part, dissenting in part)—I agree with the majority's conclusion that an elected official

should not lose the right to revert to a prior civil service position for purposes of obtaining disability benefits even when he occupied a noncivil service position immediately before taking elective office. I disagree, however, with the majority's award of attorneys' fees against the Department of Retirement Systems as a sanction for bringing a frivolous appeal. Our decision in the first appeal of this case, *Boyles v. Washington Law Enforcement Officers' & Fire Fighters' Retirement Bd.*, 100 Wn.2d 313, 669 P.2d 465 (1983), unequivocally resolved only one legal issue. I do not believe that we should penalize the Department for its efforts to clarify the other issues of this case.

The majority correctly recites the standard for determining whether an appeal warrants imposition of sanctions pursuant to RAP 18.9(a).

> In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Streater v. White*, 26 Wn. App. 430, 434–35, 613 P.2d 187 (1980); *see also Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983). However, the majority fails to prove that this appeal is frivolous under the *Streater v. White, supra,* standard.

The majority argues that the issues of the Department's appeal were settled in *Boyles*. This is not accurate. In *Boyles* we decided that because Boyles had lost his bid for reelection as sheriff, his disability benefits must be determined by reference to the duties of a deputy sheriff (the last civil service position held by Boyles). To reach this

decision, we relied in part on the right of a civil service employee to preserve his civil service rank when "on leave of absence by reason of having been elected or appointed to an elective office". RCW 41.04.120. We expressly declined in that case to reach the "broad issue" of whether the statutory or actual description of a sheriff's duties should control the determination of a sheriff's disability benefits. *Boyles,* 100 Wn.2d at 318 n.3. That issue has not been resolved with respect to either a sheriff's or a deputy sheriff's position until today. We also did not discuss the effect on the protection offered civil servants by RCW 41.04.120 of (1) Boyles' occupation of the civil service exempt position of undersheriff immediately before his appointment as sheriff, or (2) Boyles' failure to affirmatively preserve his civil service status. Again, these issues have not been resolved until today.

The Department's appeal thus presents issues upon which "reasonable minds can differ." For example, Boyles argues in this appeal that the statutory description of a deputy sheriff's position should control the determination of his disability. See Brief of Respondent, at 22–23; *see also Boyles v. Washington Law Enforcement Officers' & Fire Fighters' Retirement Bd.,* 32 Wn. App. 703, 711–13, 649 P.2d 646 (1982), *rev'd,* 100 Wn.2d 313, 669 P.2d 465 (1983). However, the majority reaches the opposite conclusion: The majority decides that the proper standard is "those duties actually performed by a deputy sheriff presently working in Franklin County." Majority, at 504. It is difficult to characterize as frivolous an appeal in which the court must decide an unclear point of the law.

In addition, the Department's appeal is not so totally devoid of merit that there was no possibility of reversal of the trial court's order. In *Boyles* we remanded this case, ruling that the courts below had relied on an improper standard. Upon remand the trial court entered an order without remanding the case to the Director for further fact–finding. The Department makes a strong argument at this appeal that if it must refer to the actual duties of a

Franklin County deputy sheriff to determine Boyles' disability, then this case should be remanded for a determination of what deputy sheriff positions presently exist in Franklin County under the new sheriff's administration. I am not convinced that there was no possibility we would remand this case for further fact–finding on positions available to Boyles.

Finally, we must remember that all doubts must be resolved in the Department's favor. The Department's appeal is not frivolous simply because the Department has not prevailed. We should not penalize the Department for exercising its right to challenge the trial court's disposition after our issuance of mandate. *See* RAP 12.9. For these reasons I dissent from that portion of the majority's decision that awards attorneys' fees and costs to Boyles pursuant to RAP 18.9.

BRACHTENBACH, PEARSON, ANDERSEN, and DURHAM, JJ., concur with UTTER, J.