[No. 15973-6-III.    Division Three.    December 23, 1997.]

Joyce A. Johnson, et al., *Appellants*, v. N E W, Inc., *Respondent*.

*David K. DeWolf;* and *Bruce W. Gore* of *Casey, Gore & Grewe,* for appellants.

*Lisette F. Carter* of *Evans, Craven & Lackie, P.S.,* for respondent.

BROWN, J. — The court is asked to apply a novel approach to the doctrine of assumption of risk in a case involving an exculpatory clause in an agreement for the purchase and adjustment of ski equipment. Well-established law supports the trial court's decision. We affirm.

## FACTS

Joyce Johnson purchased ski boots from Wintersport Ski & Spa. Wintersport adjusted Ms. Johnson's ski bindings for use with the newly purchased boots. When Ms. Johnson picked up her equipment, she read and signed a written release which provided:

> I understand that the ski-boot-binding system will not release at all times or under all circumstances, nor is it possible to predict every situation in which it will release, and is therefore no guarantee of my safety. I therefore release the ski shop and its owners, agents and employees from any and all liability for damage and injury to myself or to any person or property resulting from negligence, the selection, adjustment and use of this equipment, accepting myself the full responsibility for any and all such damage or injury which may result.

Shortly thereafter, Ms. Johnson fell while skiing. The bindings failed to release and she injured her knee. She sued, alleging Wintersport's negligent adjustment of the bindings caused her injury. The court granted Wintersport's

motion for summary judgment and denied Ms. Johnson's motion for reconsideration. Ms. Johnson appeals.

## ANALYSIS

Ms. Johnson contends the trial court should have denied Wintersport's motion for summary judgment based on an assumption of risk analysis.

■ Express assumption of risk is based on contract and involves an agreement by one party to relieve another party of the duty to use reasonable care. *Scott v. Pacific W. Mountain Resort*, 119 Wn.2d 484, 834 P.2d 6 (1992); *Vodopest v. MacGregor*, 128 Wn.2d 840, 913 P.2d 779 (1996). Implied primary, implied reasonable and implied unreasonable assumptions of risk are concepts used in tort law. Express assumption of risk bars a claim resulting from risks actually assumed by the plaintiff; implied primary assumption of risk bars a claim resulting from specific known and appreciated risks. *Scott*, 119 Wn.2d at 496. Implied reasonable or unreasonable assumptions of risk, involving a voluntary choice to encounter risks created by the negligence of another, are forms of contributory negligence and do not bar recovery. *Scott*, 119 Wn.2d at 497.

Ms. Johnson argues that tort principles relating to implied assumption of risk should apply in this case. In particular, she argues that since implied primary assumption of risk bars only claims based on inherent risks, the court should not have dismissed her claim for Wintersport's negligence.

The flaw in Ms. Johnson's reasoning is that the agreement she signed was an express release. Wintersport has not asserted any implied assumption of risk. The legal effect of the release is determined by applying principles governing express assumption of risk.

■ Exculpatory clauses are enforceable unless they violate public policy, are inconspicuous, or the negligence falls below standards established by law. *Scott*, 119 Wn.2d at 492; *Vodopest*, 128 Wn.2d at 848. Ms. Johnson has identi-

fied no public policy the instant release would violate. The exculpatory clause is conspicuous and Ms. Johnson admits she read and understood it. There is no evidence Wintersport's alleged negligence fell below any legal standard. Thus, the clause is enforceable.

■ An express assumption of risk applies only to risks actually assumed by a plaintiff. *Scott*, 119 Wn.2d at 497-98. The release is to be strictly construed. *Vodopest*, 128 Wn.2d at 848. Ms. Johnson signed an agreement that specifically released Wintersport from liability for injury resulting from the adjustment of her equipment. Therefore, the harm was within the scope of the risks assumed. Thus, express assumption of risk bars Ms. Johnson's claim for the knee injury allegedly caused by Wintersport's negligent adjustment of her ski bindings. We conclude the trial court properly dismissed Ms. Johnson's claim.

■ Wintersport next requests reasonable attorney fees as a sanction for a frivolous appeal. An appeal is deemed frivolous if it presents no debatable issues and is devoid of merit. *Boyles v. Department of Retirement Sys.*, 105 Wn.2d 499, 507, 716 P.2d 869 (1986). Ms. Johnson's argument, while novel and unlikely to prevail in this court, is not totally without merit. Therefore, we decline to award attorney fees to Wintersport as a sanction for a meritless appeal. Wintersport is, however, entitled to recover costs, including statutory attorney fees as the prevailing party in this appeal. RAP 14.2.

Affirmed.

Sweeney, C.J., and Kurtz, J., concur.

Review denied at 135 Wn.2d 1011 (1998).