[No. 7039. Decided January 17, 1908.]

M. L. Baldwin, *Respondent*, v. J. W. Brown, *Appellant*.[1]

Vendor and Purchaser—Contract to Convey—Construction— Performance—Shortage of Land—Deduction in Price. Where the vendor agrees to convey by a special warranty deed, and "reserves the right and title" until all payments are made, the vendee is entitled to a deduction for failure of title as to a portion of the tract, as the contract to "convey" is not fulfilled by a special warranty deed of land not owned by the vendor (Crow and Dunbar, JJ., dissenting).

Same—Deduction in Price—Amount. Where the vendor is unable to convey an aliquot part of the land, the vendee is entitled to a deduction from the purchase price in the proportion that the value of such part bears to the whole tract.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 25, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to compel specific performance of a contract to convey land. Affirmed.

*Steele & Brown*, for appellant.

*Buck & Boddy*, for respondent.

Root, J.—This is an action in equity by respondent to compel appellant to make a conveyance of certain land. From a decree in plaintiff's favor defendant appeals.

Appellant and one David Farmer, on the 18th of May, 1904, entered into a written agreement of which the following is the material portion:

"That in consideration of eleven hundred dollars ($1100) paid, and to be paid, by said David Farmer, his heirs and assigns, to J. W. Brown, his heirs and assigns, as hereinafter stated, the said J. W. Brown agrees to convey to the said David Farmer the north half (½) of the northeast quarter (¼) of section one (1) township twenty-two (22)

[1]Reported in 93 Pac. 413.

range two (2) east, King county, Washington, by special warranty deed at the time the same is fully paid for as per this agreement;

"That one hundred dollars ($100) of said sum is in hand paid and one hundred sixty dollars ($160) of the same is due and payable Nov. 1, 1904, and the balance, eight hundred and forty ($840) dollars is due and payable Nov. 1, 1905, as per the two promissory notes of even date herewith, bearing seven (7) per cent interest from date;

"The said David Farmer is to keep all taxes assessed against said real estate paid before the same become delinquent;

"That the said J. W. Brown reserves the right and title to said land until the same is paid for in full."

The property described in said contract had been obtained by King county in 1902, by general foreclosure for taxes for 1895 and prior years. The appellant received a deed to the same from the county, July 15, 1903. Some time after making the contract above referred to, David Farmer died, and his interests therein became vested in this respondent, who is his mother. Before the final payment became due, one William Cross brought an action in equity to quiet title to five acres of the land described in said contract, and made this appellant and respondent parties. Said action was prosecuted to final judgment, resulting in a decree to the effect that this appellant had no right, title, or interest in or to said five acres of land, but that the same was the property of said William Cross. When the time for making final payment under the terms of the above contract arrived, respondent requested a reduction in the amount of the purchase price on account of not getting said five acres. Appellant declined to make such reduction, but insisted upon respondent's paying the full amount called for by the contract. Thereupon this action was instituted to compel appellant to convey the balance of the land without respondent's paying the proportion of the purchase price represented by said five acres.

Appellant contends, first, that the trial court was wrong in the construction placed upon the contract; and second, that

the amount of reduction directed to be allowed, if any was allowable, was too great. As to the first point, appellant urges that, as a special warranty deed warrants only against defects of title occasioned by the act of the grantor himself, and as Cross recovered this property not by reason of anything done or omitted by appellant but by reason of matters occurring before he obtained the property from the county, he (appellant) was entitled to receive from respondent the full amount of the purchase price as called for by the contract for the entire tract. As the controversy is not as to the effect of a special warranty deed, but as to a contract to "convey" by special warranty deed, and as the contract contains the expression "that the said J. W. Brown reserves the right and title to said land until the same is paid for in full," the respondent claims, and apparently the trial court was of the opinion, that appellant by said contract purported to have "right and title" to said land, and agreed to "convey" the same, and that the contract contemplated this, and that as a court of competent jurisdiction, prior to the final payment on this contract, had decided that appellant had no right or title whatever to said five acres, he was therefore unable to "convey" by a special warranty deed, or by any other form of conveyance. The court, therefore, held that the appellant was not in a position to require respondent to pay for that which the former had agreed to, but could not, convey. We think this position must be maintained.

In *Ankeny v. Clark*, 1 Wash. 549, 20 Pac. 583, the territorial supreme court, speaking through Chief Justice Burke, said:

"No form of deed is sufficient to convey a title where the grantor has none."

It is not a question here of the effect of a special warranty deed heretofore delivered, but it is a question of whether or not a party is able to carry out the terms of a contract to be performed by him.

As to the second point, it appears that the five acres to which the title failed was of greater value per acre than the remaining portion of the tract. The court found the value of this five-acre tract was $250, and directed that an allowance of that amount should be made to respondent. Appellant claims that this is excessive and disproportionate. Where one is unable to convey an aliquot part of the land agreed to be conveyed, the rule seems to be that such a proportion of the total purchase price shall be deducted as the value of such portion bore to the value of the entire tract at the time of the purchase. Appellant urges that this was not done in this case, but in this we think he is in error; at least, it does not appear that any other rule of ascertainment was adopted. It is urged that an error to the extent of a few dollars was made in the computation. If so, it can be credited in adjusting the costs.

Certain other errors are assigned, but become immaterial under our view of the two questions hereinbefore considered.

The judgment of the trial court is affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.


CROW, J. (dissenting)—The substantial effect of the majority opinion is to compel appellant to perform his contract in the identical manner which would have been required of him had he agreed to warrant a title previously acquired and convey the same by a general warranty deed. He made no such agreement. His contract calls for a special warranty deed only. Both he and respondent's predecessor knew that his sole title, which appellant was selling, rested on a tax foreclosure. Appellant acquired such title without warranty, and his evident purpose, known to respondent's predecessor, was to convey the same as it came to him; that is, to sell whatever had come to him by the tax title, and to enter into no covenant to hold him liable beyond that. He has fully performed his

agreement, but the majority opinion now makes a new con-tract for him and orders its specific performance.

The judgment should be reversed, and I therefore dissent.

DUNBAR, J., concurs with CROW, J.