[No. 6996–1. Division One. December 10, 1979.]

PIERRE C. DAVIS, ET AL, *Respondents,* v. DOROTHY
S. PENNINGTON, ET AL, *Appellants.*

*Casey, Pruzan, Kovarik & Shulkin* and *W. Dirker Ehlert,* for appellants.

*Olwell, Boyle & Hattrup* and *Clinton H. Hattrup,* for respondents.

SODERLAND, J.*—The trial judge ordered rescission of a contract to purchase a business. He found that appellant sellers failed to disclose a letter from the labor union and a letter from an insurance broker. He found that those items were material facts and that respondent buyers would not have entered into the contract if the required disclosure had been made. Appellants argue that the evidence does not support the trial judge's findings of fact and the judgment of rescission.

The proof required in a fraud case must be clear, cogent and convincing. That requirement does not alter the rule of *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959), that the appellate court does not "second guess" the trial court if the facts as found by the trial court are supported by substantial evidence. *Kaas v. Privette,* 12 Wn. App. 142, 529 P.2d 23, 80 A.L.R.3d 1 (1974). In this factual appeal, we hold that there is substantial evidence to support the findings of fact of the trial judge even though appellants do point out evidence to the contrary.

Appellants contend, commencing on page 16 of their brief, that the trial judge made an error of law by not concluding that respondents waived whatever rescission rights they may have had. Appellants claim that the trial judge ignored "substantial, uncontradicted evidence" which compels the conclusion that respondent Mr. Davis recognized

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

the true facts and waived any right to rescind based on the nondisclosure of those facts.

 Waiver is an intentional act with a purpose and intent to forgive the fraud and a clear election not to rescind. *Birkeland v. Corbett,* 51 Wn.2d 554, 320 P.2d 635 (1958); *Wickre v. Allen,* 58 Wn.2d 770, 364 P.2d 911 (1961).

Whether there is a waiver or not is a factual question depending upon the intent or state of mind of respondents. That intent may be inferred from acts done. The question before this court on appeal is not whether there was substantial evidence which the trial judge ignored, but whether there was substantial evidence to support the findings of fact which were made. Where the evidence is in conflict or where different inferences can be drawn from the evidence, the trial judge may pick and choose what evidence to rely upon and what evidence to ignore and may draw any inferences that are reasonable.

Appellants argue that waiver of a right to rescind is conclusively shown by the evidence that respondents did not rescind until November 2 a contract which was signed August 2, and by continuing to run the business after discovery of the fraud. Appellants rely on the testimony of Mr. Davis that he did not decide to rescind until he discovered the matter of the number of patrol checks being made on customers. Further evidence, however, shows that respondents did not take over the business until September 1 and that appellants left on a trip and were unavailable after September 15. The trial judge was entitled to infer that the delay in demanding rescission, the continuing to run the business and the negotiating of new insurance coverage were caused by respondents having the business on their hands involuntarily, rather than being evidence of an intent to waive the fraud. Under the circumstances, the 1 1/2–month delay is not such a period of time as automatically compels a finding of waiver. *Wickre v. Allen, supra.*

The trial judge accepted respondents' testimony that there were many problems which had a cumulative effect.

Respondents bought a business which they knew had suffered a decline in income. The union letter and the letter deleting insurance coverage can be viewed as having greater significance in view of all the other existing problems. The trial judge was entitled to find that there was no intent to waive the right to rescind for fraud when all of the circumstances are taken into account. An appellate court can require a finding of intent to waive only if such an intent is the only reasonable inference which could be drawn from any substantial evidence in the record.

Appellants argue that rescission was an improper form of relief and that it was error of law to allow rescission where the judge did not find any damages resulting from nondisclosure of the union letter and found very little damage from nondisclosure of the insurance letter. They argue that the two acts of concealment found by the court do not touch the fundamental heart of the contract. They cite evidence in the record supporting their position.

The authorities discussed by appellants in their brief relate to breach of contract and not to fraud, except for one textbook statement from D. Dobbs, *Handbook on the Law of Remedies* (1973). The breach of contract cases discussed by appellants hold that rescission is allowed only if the breach of a contract is so substantial that it affects the very essence of the contract and defeats the objectives of the parties. Rescission will not be allowed in a breach of contract case for minor items which can be compensated for in damages. These breach of contract cases are not on point. They provide no help in a case where fraud permeated the inception of the contract.

▌ In a fraud case, a person who is defrauded and enters into a contract as a result thereof has an election of remedies. The defrauded party has an election to rescind the contract. *Prescott v. Matthews*, 20 Wn. App. 266, 579 P.2d 407 (1978). Where the court finds substantial fraud, rescission is a proper remedy. Here the trial court found that the defendants had concealed material facts to which

the plaintiffs were entitled in order to evaluate their decision to purchase and that the plaintiffs would not have entered in the agreement if these facts had been disclosed. Finding of fact No. 7. That finding is supported by substantial evidence and is directly supported by the testimony of plaintiff husband which the trial judge elected to believe.

Appellants' brief contains a quotation from Dobbs on remedies that it "would be appropriate" to deny rescission in cases where a defendant's fraud was minimal or innocent and where damages can repair the harm done with less disruption or economic waste. We can agree that rescission would not be a proper remedy in a case where the fraud was so minimal that it affected only a minor facet of the agreement and could be adequately compensated by damages. A minor tag end of a transaction might not call for a rescission of the entire contract. But that is not this case.

Here the trial judge found that the nondisclosed items went to the very heart of the contract. He specifically found that the contract would not have been entered into if the required disclosures had been made. Whether or not the nondisclosed items were vital and material to the transaction was a disputed issue of fact which the trial judge resolved in favor of respondents.

Appellants contend that the union letter was not a demand but was only a proposal and that it didn't have much significance. They also contend that the cancellation of certain insurance coverage was merely a minor matter causing some increased premium. The letters themselves were exhibits before the trial judge to evaluate along with the other evidence. There was testimony that the demands of the union would have bankrupted the company and that respondents would not have bought the business if they had known of the union letter. The trial judge was entitled to draw the inference that the union demands or proposals and the insurance coverage cancellation were important items to this business and that nondisclosure of these facts

was material to the contract of purchase.

Furthermore, the trial court did not find that no damages were suffered from the nondisclosure of the union letter as appellants contend. The court found that the concealed facts were material facts ·which affected the very inception of the purchase agreement (finding of fact No. 7) and that plaintiffs were damaged in very substantial amounts (findings of fact Nos. 8 and 9). The statement by the trial judge in his oral opinion that "the court cannot arrive at any dollar amount of damage" is not a statement that no damage was suffered as appellants contend and does not diminish the findings of fact which were made.

For the reasons given, we affirm the trial court on appellants' appeal.

█ Respondents have cross–appealed from the allowance of only $2,500 as attorney's fees in the trial court. In their cross appeal, respondents ask for an allowance of $6,500. Attorney's fees must be reasonable and must be supported by an adequate showing. Here attorneys on each side made their showing by affidavit of legal work done and fees charged. There is no other showing before the trial court and the respective affidavits are in no way impeached. Respondents' attorneys adequately supported the reasonableness of the $6,500 fee they request and there is nothing in the record to the contrary. It is significant that appellants' attorneys supported a reasonable fee of $6,360 for the services they performed on the other side of the case. Under these circumstances, it was an abuse of discretion for the trial judge to allow only $2,500. Nothing in the record supports that figure as a reasonable and adequate fee. Respondents' cross appeal is granted and respondents' trial court attorney's fees are fixed at $6,500.

Respondents' brief makes a request for· attorney's fees incurred for the appeal. Respondents' request is denied for failure to comply with RAP 18.1.

Affirmed as modified.

CALLOW, C.J., and WILLIAMS, J., concur.