[No. 7339-7-I.   Division One.   June 16, 1980.]

WILLIAM C. STREATER, ET AL, *Respondents,* v. THOMAS E. WHITE, ET AL, *Appellants.*

*Mary Fung Koehler,* for appellants.

*Donald E. Elliott* and *Warner, Pierce, Peden & Elliott,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

Northwest Bonded Mortgage Corporation and Thomas and Jane Doe White appeal from a judgment ordering Northwest Bonded Mortgage Corporation to quitclaim its interest in a residence to the Streaters as purchasers.

The Streaters entered into an earnest money agreement to purchase a residence from Northwest Bonded Mortgage Corporation, providing for a purchase price of $42,500 and a closing date of June 1, 1977. The agreement also provided that the Streaters were to take possession of the property by "mutual agreement." On June 1, the Streaters, with the consent and approval of Northwest Bonded Mortgage Corporation, took possession of the property. They made substantial repairs to the property, and although they were prepared to close the transaction on or before June 1, 1977, the closing papers were not prepared. Subsequently, the Streaters made several formal demands for closing. When Northwest Bonded refused to close, the Streaters commenced an action for specific performance. Northwest Bonded counterclaimed for restitution and payment of rent.

Following a trial to the court, the court determined that (1) there was a valid earnest money agreement, (2) although the June 1, 1977, closing date had passed, it was extended by the conduct of the parties, (3) the seller had breached the agreement by failing to provide clear title, (4) although the seller had no feasible method for providing good title because of the many liens and encumbrances against the property, it should be required in equity to quitclaim any interest it had to the Streaters, (5) the Streaters did not possess the property as tenants, (6) the Streaters should not be required to pay the seller $6,500 as provided in the earnest money agreement because it would require at least that much to clear liens and encumbrances on the property, and (7) the Streaters were entitled to $2,300 as attorney's fees under the earnest money agreement.

Five issues are presented in this appeal.

## Issues

**ISSUE ONE.** Are the findings of fact supported by substantial evidence?

**ISSUE TWO.** Are the conclusions of law supported by the findings of fact?

**ISSUE THREE.** Did the trial court err in ordering specific performance of an earnest money agreement with an abatement of purchase price?

**ISSUE FOUR.** Was the award of attorney's fees unreasonable, and should attorney's fees be awarded on appeal?

**ISSUE FIVE.** Should terms and sanctions be imposed against appellants for bringing a frivolous appeal for the purpose of delay?

## Decision

**ISSUE ONE.**

**CONCLUSION.** There is ample evidence to support the trial court's findings of fact.

█ We have carefully reviewed the record and conclude that the trial court's findings of fact are supported by substantial evidence. Accordingly, we are constitutionally mandated to treat them as verities on appeal. *Beeson v. Atlantic–Richfield Co.*, 88 Wn.2d 499, 563 P.2d 822 (1977); *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

**ISSUE TWO.**

**CONCLUSION.** The findings of fact clearly support the conclusions of law.

We have carefully reviewed the challenged conclusions of law and find that they are supported by the findings of fact.

**ISSUE THREE.**

**CONCLUSION.** It is well settled that the trial court has equity powers to order specific performance and abatement of purchase price under appropriate circumstances.

█ Specific performance is a remedy that

rests in the sound discretion of the trial court. It must be exercised in accordance with general principles of equity

jurisprudence, and the party seeking such relief must have acted in good faith, come into equity with clean hands and do what is just and equitable to the defendant. . . . It will be denied where there is an adequate remedy at law, where performance is impossible and where, under the facts and circumstances, it would be inequitable to compel the defendant to perform.

(Footnotes and citation omitted.) *Hallauer v. Certain,* 19 Wn. App. 372, 379–80, 575 P.2d 732 (1978). In general, a vendor or purchaser may obtain specific performance of a contract for the sale of realty. *Sheldon v. Hallis,* 72 Wn.2d 993, 435 P.2d 988 (1967).

Although the court may not order something that the parties have not agreed upon, it may order either party to partially perform when it is no longer possible to enforce a contract in accordance with its terms. 71 Am. Jur. 2d *Specific Performance* §§ 129, 211 (1973); Annot., 148 A.L.R. 563 (1944). When the seller of real property is unable to give full title, the purchaser may seek specific performance requiring the seller to convey whatever title it has with an abatement of the purchase price. *Baldwin v. Brown,* 48 Wash. 303, 93 P. 413 (1908); 71 Am. Jur. 2d *Specific Performance* § 129 (1973); Annot., 148 A.L.R. 563 (1944).

Here, in exercising its equity powers, the trial court determined that although the seller could not convey good title it should be required to quitclaim all right, title and interest it had in the property. Because the property was heavily encumbered, the trial court in effect ordered the seller to convey its right of redemption to the purchasers. Since the purchasers will be required to satisfy the underlying deed of trust and other liens and encumbrances on the property, the trial court determined that they should not be required to pay the $6,500 to the seller as agreed in the earnest money agreement. In considering the entire record, the trial court properly and reasonably exercised its discretion in awarding specific performance with an abatement of purchase price.

ISSUE FOUR.

CONCLUSION. The trial court's award of attorney's fees was reasonable and attorney's fees are awarded on appeal pursuant to RAP 18.1.

Since the earnest money agreement provided for an award of reasonable attorney's fees, it was not error to award them. *Artz v. O'Bannon,* 17 Wn. App. 421, 562 P.2d 674 (1977). Nor does the record indicate that the trial court abused its discretion in setting the amount to be awarded at $2,300. *Davis v. Pennington,* 24 Wn. App. 802, 604 P.2d 987 (1979).

The Streaters have also asked for attorney's fees on appeal pursuant to RAP 18.1. They are entitled to attorney's fees in the earnest money agreement and have carefully followed the requirements of RAP 18.1. The amount requested is uncontroverted, and after reviewing the entire record, we award $3,500 as reasonable attorney's fees incurred on appeal.

ISSUE FIVE.

CONCLUSION. Terms and sanctions are awarded pursuant to RAP 18.9 because the appeal is frivolous and was brought for the purpose of delay.

RAP 18.9(a) provides that

> [t]he appellate court on its own initiative . . . may order a party or counsel who uses these rules for the purpose of delay . . . to pay terms or compensatory damages to any other party who has been harmed by the delay . . .

In determining whether an appeal is brought for delay under this rule, our primary inquiry is whether, when considering the record as a whole, the appeal is frivolous, *i.e.,* whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal. *See* Black's Law Dictionary 796 (rev. 4th ed. 1968); *Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780 (Mo. 1977); *United States v. Piper,* 227 F. Supp. 735 (N.D. Tex. 1964).

In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are

guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal. *See* Jordan, *Imposition of Terms and Compensatory Damages in Frivolous Appeals,* Wash. St. B. News, May 1980, at 46.

In applying these criteria, we find that the appeal is frivolous and was brought for the purpose of delay. We have carefully reviewed the record as a whole and have resolved all doubts in appellants' favor. However, the assignments of error challenge findings of fact that are amply supported by substantial evidence as well as the conclusions of law which are clearly supported by the findings. It is well established that we are constitutionally prohibited from substituting our judgment for that of the trial court in factual matters. *Thorndike v. Hesperian Orchards, Inc., supra.* Since this is essentially a factual appeal and is totally devoid of merit, we impose $1,000 as terms and sanctions jointly and severally against the appellants Northwest Bonded Mortgage Corporation and Thomas E. and Jane Doe White, husband and wife, payable to the Streaters. RAP 18.9(a); *Harvey v. Unger,* 13 Wn. App. 44, 533 P.2d 403 (1975). The Streaters, as prevailing party, shall also be awarded costs on appeal pursuant to Title 14 of the Rules of Appellate Procedure.

Affirmed.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied July 23, 1980.

Review denied by Supreme Court October 10, 1980.