## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEBRA TALLEY, a single woman; and AMY J. LAWSON, a single woman, | No. 76452-7-I |
| Appellants, | |
| v. | DIVISION ONE |
| LANPHERE ENTERPRISES OF WASHINGTON, INC., a Washington corporation d/b/a RENTON HONDA JACOB B. NEARY, personally and as agent and/or employee of LANPHERE ENTERPRISES OF WASHINGTON INC.; ROBERT D. LANPHERE, JR., as President of LANPHERE ENTERPRISES OF WASHINGTON INC,; and JOHN DOES I-V, as agents And/or employees of LANPHERE ENTERPRISES OF WASHINGTON, INC., | |
| | UNPUBLISHED OPINION |
| Respondents. | FILED: November 13, 2017 |

MANN, J. — Debra Talley and Amy Lawson sued Lanphere Enterprises of Washington, Inc., d/b/a Renton Honda (Renton Honda) for negligence. Renton Honda admitted that it was negligent but it disputed that its negligence caused Talley and Lawson's injuries. The jury agreed with Renton Honda and found no proximate cause.

Talley and Lawson moved the court for a new trial under CR 59(a) because the jury failed to award damages. The court denied their motions. They appealed, but we find no abuse of discretion. We do, however, find that Talley and Lawson's appeal is frivolous. Accordingly, we award Renton Honda its attorney fees and costs on appeal.

## FACTS

On March 2, 2008, Talley and Lawson were passengers in a car that crashed. An employee of Renton Honda was driving the car at the time of the crash.

On March 1, 2011, Talley and Lawson sued Renton Honda and its associated entities for negligence. The case went to trial, but the court ultimately declared a mistrial after the plaintiffs moved to sever Talley's claims from Lawson's. (The court ultimately ordered R.E. Bodkin, Talley and Lawson's counsel to pay for some of the costs associated with the second trial.)

On October 24, 2016, a new trial began. Renton Honda admitted that it was negligent but disputed that its negligence was the proximate cause of the plaintiffs' claimed injuries. The jury found for Renton Honda. On a special verdict form, the jury found that Renton Honda's actions were not the proximate cause of Talley and Lawson's injuries. Since the jury found no proximate cause, it did not reach the issue of damages.

Talley and Lawson moved for a new trial under CR 59(a). The court denied the motion. Talley and Lawson appealed.

## ANALYSIS

Talley and Lawson do not challenge the jury's verdict finding that Renton Honda's negligence was not the proximate cause of their claimed injuries. Talley and

Lawson also do not challenge the jury instructions telling the jury that if they did not find proximate cause that they should not reach damages. Instead, Talley and Lawson assert that the trial court abused its discretion in denying their CR 59(a) motion for a new trial. We disagree.

We review a trial court's denial of a CR 59 motion for abuse of discretion. Worden v. Smith, 178 Wn. App. 309, 322-23, 314 P.3d 1125 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. A court abuses its discretion if it bases its ruling on an incorrect interpretation of the law. We review alleged errors of law de novo. Smith, 178 Wn. App. at 323.

Talley and Lawson moved for a new trial under CR 59(a)(5), (7), and (9). We address each claim in turn.

CR 59(a)(5) allows the trial court to grant a new trial if damages were so inadequate that they unmistakably indicate that the verdict was the result of prejudice. Here, the trial court correctly concluded that damages were not inadequate because the jury found no proximate cause. The jury was instructed not to award damages if it found no proximate cause. Talley and Lawson did not challenge this instruction. The trial court did not abuse its discretion in denying Talley and Lawson's motion under CR 59(a)(5).

CR 59(a)(7) allows the trial court to grant a new trial after a jury returned a verdict where "there is no evidence or reasonable inference from the evidence to justify the verdict." When a proponent of a new trial argues that the jury's verdict was not based on the evidence, we look to the record to determine whether there was sufficient

evidence to support the verdict. Palmer v. Jensen, 132 Wn.2d 193, 197, 937 P.2d 597 (1997). We view the evidence in the light most favorable to the nonmoving party. Hojem v. Kelly, 93 Wn.2d 143, 145, 606 P.2d 275 (1980). The verdict must be supported by substantial evidence, "evidence of a character which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed." Kelly, 93 Wn.2d at 145. "A jury verdict finding that a defendant is negligent but that the negligence was not a proximate cause of the plaintiff's injuries is not inconsistent if there is evidence in the record to support a finding of negligence but also evidence to support a finding that the resulting injury would have occurred regardless of the defendant's actions." Estate of Stalkup v. Vancouver Clinic, Inc., P.S., 145 Wn. App. 572, 586, 187 P.3d 291 (2008).

Here, substantial evidence supports the jury's verdict that Renton Honda's negligence was not the proximate cause of Talley and Lawson's injuries. The extent of the plaintiffs' claimed injuries was vigorously disputed at trial. Renton Honda put on evidence that Talley and Lawson exaggerated their injuries caused by the accident. For example, Renton Honda admitted a video showing Talley working out in a gym and appearing to be in much better physical condition than she presented to the jury. An expert medical witness (neuropsychologist) who reviewed the plaintiffs' medical records testified that Talley suffered no "bona fide impairment" from the accident. That same expert also testified that Lawson did not suffer any cognitive disorders as a result of the accident. Lawson herself testified that she had fallen numerous times since the accident. Substantial evidence supports the jury verdict.

Talley and Lawson argue that because Renton Honda admitted "liability for the collision and that it caused some injury to each plaintiff" in jury instruction 2, damages are required. But Talley and Lawson overlook the instruction that specifically addresses the impact of Renton Honda's admission of liability. Instruction 4 advised the jury that each plaintiff has the burden of proving "that the March 2, 2008 automobile collision was a proximate cause of the injury to the plaintiff." The jury was clearly instructed that it had to determine whether the plaintiffs' alleged injuries were proximately caused by the collision. Talley and Lawson also argue in passing that instruction 15, which instructed the jury on the measure of damages in the event that it found proximate cause, required the jury to award damages after Renton Honda admitted negligence and "some injury" to each plaintiff. But instruction 15 only applies "[i]f you[] find that defendants proximately caused injury to a plaintiff." Here, the jury found no proximate cause. In addition, Talley and Lawson cite numerous cases where appellate courts have reversed jury verdicts for inadequate damages, but they cite no case that says that a jury awarded inadequate damages when the jury did not find proximate cause. The trial court did not abuse its discretion by denying Talley and Lawson's motion under CR 59(a)(7).

CR 59(a)(9) allows a trial court to grant a new trial when "substantial justice has not been done." Talley and Lawson offer no persuasive argument about why substantial justice was not done. The trial court properly rejected this argument:

> Finally, there is no merit to Plaintiffs' claim that substantial justice has not been done. This was a hard-fought case. Plaintiffs called 25 witnesses and had almost 90 exhibits admitted into evidence. They had every opportunity to present their claims to fourteen conscientious jurors who took seriously their responsibilities as officers of the court. Other than

their personal disappointment in the verdict, Plaintiffs offer no persuasive argument that justice has not been done.

Again, the trial court did not abuse its discretion in denying Talley and Lawson's motion under CR 59(a)(9).

### *Attorney Fees*

Renton Honda contends that this appeal is frivolous under RAP 18.9(a). RAP 18.9(a) allows us to order a party to pay terms and compensatory damages if we deem the appeal frivolous. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

Renton Honda argues that the appeal is frivolous because it raises no debatable issues of merit. We agree. There is no reasonable possibility of reversal here: Talley and Lawson ask us to find that a trial court abused its discretion by denying a motion for a new trial on damages when the jury found no proximate cause and did not reach damages. This appeal is devoid of merit. Accordingly, we hold that the appeal is frivolous. Renton Honda may recover its attorney fees and costs on appeal, subject to compliance with RAP 18.1(d).

Affirmed.

WE CONCUR:

_____

_____                    _____
Cox, J.

-6-