# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the Welfare of:<br><br>A.L.B.-Y. | No. 50153-8-II<br><br>UNPUBLISHED OPINION |

SUTTON, J. — Joseph Rowley appeals the trial court's order terminating his parental rights to ALBY. Rowley argues that the trial court judge violated the appearance of fairness doctrine. We disagree. Accordingly, we affirm.

### FACTS

Charmaine Martin and Rowley are the parents of ALBY. Thaddeus Martin, ALBY's step-father, filed a petition to adopt ALBY and terminate Rowley's parental rights. Charmaine[1] joined in the petition. Rowley contested the petition.

The morning of trial, while waiting for the defendant to be available telephonically from prison, the trial court made the following comments to the attorneys:

> [COURT]: And I guess I would be interested Mr. Owen-Evans in some kind of an offer of proof as well as to what Mr. Rowley is going to testify to. As I've looked over this file now twice -- not only this file, but his criminal file -- and given the parameters of his criminal file, frankly I'm not sure why we're here.
>
> . . .

---

[1] Parties with the same last name are referred to by their first names for clarity. We intend no disrespect.

[COURT]: -- but I'm just saying his judgment and sentence precludes any contact with minors and there are no exceptions.

. . .

[COURT]: Right.  But if they can be changed, they should have been changed before he came to court to ask that his parental rights not be terminated.  That would be my position, so I'm just -- I'm just a little unclear as to what his ultimate position is going to be.

. . .

[COURT]: But -- okay.  I'm not going to belabor this discussion, I just was curious as to, frankly, why we were here.  The discussion before you all entered was that Mr. Rowley is not available until 10:30 and therefore I am not going to get started until he is available.  He's the objecting party.

Verbatim Transcript of Proceedings (9/9/16; 9/23/16; 3/2/17; 3/3/17; 3/10/17; 3/24/17) (VTP) at 20-22.

Charmaine, Thaddeus, and Rowley all testified at trial.  The court-appointed guardian ad litem also testified.  When the trial court admitted exhibits establishing Rowley's criminal convictions, the trial court also disclosed, "I will tell you that based on having this case in trial before me, I've already looked at these documents because I felt that it was necessary in order to go forward."  VTP at 81.

The trial court terminated Rowley's parental rights as to ALBY.  Approximately a month later, the trial court entered a decree of adoption.  Rowley appeals.

ANALYSIS

Rowley argues that the trial court violated the appearance of fairness doctrine because the trial court had already determined termination was appropriate before the trial began.[2] Specifically, Rowley argues that the trial court's comments prior to the trial and its review of his criminal file are evidence that the trial court was not acting impartially and had prejudged the case. Here, Rowley has failed to present sufficient evidence to overcome the presumption that the trial court performs its functions regularly and properly without bias or prejudice. Therefore, we affirm.

Under the appearance of fairness doctrine, a judge must recuse himself or herself if the facts suggest the judge is actually or potentially biased. *Tatham v. Rogers*, 170 Wn. App. 76, 93, 283 P.3d 583 (2012). "A judicial proceeding satisfies the appearance of fairness doctrine only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." *Tatham*, 170 Wn. App. at 96. The test for determining whether a judge's impartiality might reasonably be questioned is an objective test and assumes that a reasonable person knows and understands all of the relevant facts. *Tatham*, 170 Wn. App. at 96.

Evidence of actual bias is not required to establish an appearance of fairness violation; evidence of potential bias is enough. *Tatham*, 170 Wn. App. at 95. However, we presume that the judge performed his or her "functions regularly and properly without bias or prejudice." *Tatham*, 170 Wn. App. at 96. Therefore, the party asserting the appearance of fairness violation "'must produce sufficient evidence demonstrating bias, such as personal or pecuniary interest on the part

---

[2] Thaddeus argues that Rowley waived his appearance of fairness claim by failing to raise it at the trial court. However, we exercise our discretion under RAP 2.5(a) and address this case on the merits.

of the decision maker; mere speculation is not enough.'" *Tatham*, 170 Wn. App. at 96 (quoting *In re Pers. Restraint of Haynes*, 100 Wn. App. 366, 377 n. 23, 996 P.2d 637 (2000)).

Here, the trial court's comments are not sufficient evidence to overcome the presumption that the trial court acted without bias or prejudice. Rowley has not presented any evidence to suggest that the trial court had any reason to be biased or prejudiced against him. Instead, he only speculates that the trial court had already decided the case prior to trial. A reasonable person would not conclude that the trial court had prejudged the case to the extent that Rowley was unable to obtain a fair, impartial, and neutral hearing. Therefore, Rowley has failed to meet his burden to present evidence sufficient to overcome the presumption that the trial court acted without bias or prejudice in presiding over his trial. Accordingly, we affirm.

## ATTORNEY FEES

Thaddeus requests attorney fees on appeal under RAP 18.9. Thaddeus argues that Rowley's appeal is frivolous.[3]

RAP 18.9 allows us to award attorney fees and costs as sanctions for filing a frivolous appeal. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

Here, Rowley's appeal fails because he did not present sufficient evidence to overcome the presumption that the trial court acted without bias or prejudice. However, his claims are not so

---

[3] Rowley also asks that we exercise our discretion and not impose appellate costs. If a cost bill is filed, Rowley may then object, and a commissioner of this court may determine whether imposition of costs is warranted. RAP 14.2. Accordingly, we do not address whether to impose appellate costs.

devoid of merit that we consider his appeal frivolous. Accordingly, we decline to award attorney fees and costs as sanctions under RAP 18.9.

We affirm the trial court's order terminating Rowley's parental rights as to ALBY and deny Thaddeus's request for attorney fees and costs as sanctions under RAP 18.9.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.