[No. 29933-0-II. Division Two. January 28, 2004.]

*In the Matter of the Marriage of* JEANNIE PENRY, *Respondent*, and ALLAN PENRY, *Appellant*.

*Allan Penry,* pro se.

*Stephen A. Foster* and *Toni M. Hood* (of *Foster, Foster & Schaller*), for respondent.

BRIDGEWATER, J. — Allan Penry appeals from a superior court order appointing a special magistrate to execute documents effecting transfer of title to his former home. The property division awarded the family home to Penry's ex-spouse in the marriage dissolution. He alleges that the property division established a debtor/creditor relationship that he stayed by filing a bankruptcy action. Holding that his appeal is not timely and that a plain property division does not establish a debtor/creditor relationship subject to bankruptcy, we affirm. We also hold the appeal frivolous and award terms.

The issue here arises out of the parties' marriage dissolution. Their December 17, 1999 dissolution decree granted the parties' home to Jeannie Stuber (f/k/a Penry). Allan Penry appealed that decree and, two weeks later, filed a lis pendens on the home. On December 7, 2001, we affirmed the dissolution decree in an unpublished opinion. *In re Marriage of Penry*, noted at 109 Wn. App. 1038, 2001 WL 1558981.

In defiance of the superior court's order, Penry continued to refuse to release the lis pendens and sign a quitclaim deed on the home. On September 18, 2002, Penry filed a motion to stay court action based on the Chapter 7 bankruptcy he filed earlier that day. The next day, the superior court appointed a court commissioner as special magistrate under chapter 6.28 RCW to "execute a release of lis pendens, quit claim deed and excise tax affidavit" on Penry's behalf. Clerk's Papers at 5-6.

On January 28, 2003, the commissioner signed the release of the lis pendens, the quitclaim deed, and a real estate excise tax affidavit. On February 5, 2003, Penry appealed that action to this court, filed a motion for revision with the superior court, and filed another lis pendens on the house. The superior court heard Penry's motion for revision

on February 14 and, on February 21, entered findings of fact and conclusions of law upholding the commissioner's actions.

## I

Penry argues that the property division, which awarded the parties' house to Stuber, made him a judgment debtor as to the house: by not signing over his interest in the home to Stuber, he was in effect not paying her a debt that she claimed was due. When he filed for bankruptcy nearly three years later, he asserted that the automatic stay provisions of the bankruptcy code prohibited the superior court from ordering the commissioner to transfer the house to Stuber. Then, arguing that he included the judgment debt—i.e., the house—in the bankruptcy, he contends that the later discharge of all debts wiped out his interest as an unsecured judgment creditor. Penry concludes that Stuber cannot now claim an interest in his portion of the home because she had notice of the bankruptcy, and the debt at issue is not exempted from discharge in bankruptcy. We disagree for two reasons.

## 1. Timeliness

This court previously decided that the property division was proper when we affirmed the dissolution decree on December 7, 2001. On September 19, 2002, the superior court issued an order on show cause under authority of CR 70 which aids in the enforcement of a judgment where a party refuses to comply with court orders to perform specific acts.[1] *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. 1981). The order appointed a special magistrate to execute a release of lis pendens, the quitclaim deed, and the excise tax affidavit, all of which pertained to the family home. No appeal was taken from

---

[1] The trial court issued the order on show cause on September 19, 2002; it was filed on September 20, 2002. We refer to it as the September 20, 2002 order on show cause.

that decision. Thus, the decision as to the property division was final on July 2, 2002, the date this court issued its mandate affirming the dissolution decree.

■ Penry appealed the commissioner's act of signing the documents on January 28, 2003; he did not appeal the September 20, 2002 order on show cause that ordered the magistrate to sign the documents. Although we do not hold that an appeal can never be taken from an order entered under CR 70, Penry, at a minimum, had to appeal the September 20, 2002 order that instructed the commissioner to sign the documents, which he did not do.

Litigants must file an appeal within "30 days after the entry of the decision of the trial court." RAP 5.2(a). In sum, Penry had no right to appeal as of right from the commissioner's act. Because he did not appeal the September 2002 order appointing the magistrate, he forfeited his right to appeal.

## 2. Debtor/Creditor

■ Penry claims that the property division established that Stuber was a creditor and he a debtor such that the award was discharged in bankruptcy. The decree did not award any monetary sum due to the wife; it merely divided the property and awarded the home to her and required her to pay the mortgage. A property division in a dissolution without a monetary award does not establish a creditor/debtor relationship. *See, e.g., In re Long*, 148 B.R. 904, 907-08 (Bankr. W.D. Mo. 1992). The dissolution decree established Stuber as an owner, not a creditor. Therefore, this was not a proper matter before the bankruptcy court, and Stuber's interest in the home was not dischargeable in bankruptcy.

## II. Attorney Fees

Stuber asks for attorney fees by arguing that Penry's appeal is frivolous, making fees permissible under RAP 18.9(a):

The appellate court on its own initiative or on motion of a party may order a party . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or failure to comply or to pay sanctions to the court.

Penry replies that Stuber has failed to submit an affidavit of financial need under RAP 18.1(c); but that section deals with awards based on considerations of financial resources. That rule does not apply here.

■ The test for evaluating whether an appeal is frivolous involves several considerations. But the first one of those considerations is the assumption that the appellant had the right to appeal under RAP 2.2.[2] *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980). Penry missed his opportunity to appeal and no longer has that right. This appeal is frivolous in the extreme. Because Stuber is the substantially prevailing party, we award $1500 to her in terms and costs. RAP 14.2.[3]

Affirmed.

MORGAN and SEINFELD, JJ., concur.

---

[2] The analysis is as follows:

In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

[3] The panel asked Stuber during oral argument the amount of costs incurred to that point for litigating the appeal. Stuber did not have an exact figure but knew the amount was over $1500. She stated an award of $1500 was sufficient for terms and costs.