**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of | No. 85044-0-I |
| BRANDON MARTIN, | |
| Appellant, | DIVISION ONE |
| and | UNPUBLISHED OPINION |
| AMY MARTIN, | |
| Respondent. | |

MANN, J. — Brandon Martin, proceeding pro se, challenges several trial court orders entered following the dissolution of his marriage with Amy Martin.[1] Brandon's appeal of the dissolution decree, parenting plan, and findings of fact and conclusions of law is barred as untimely. And his sole remaining challenge lacks merit. We affirm.

I.

Brandon and Amy married in 2009. They have one child together, S.M., born in 2010. Brandon has a history of committing acts of domestic violence against Amy and others.

On July 2, 2018, Brandon was arrested following a domestic violence incident involving Amy. On July 18, 2018, the court entered a domestic violence protection

---

[1] For clarity, this opinion will refer to Brandon Martin and Amy Martin by their first names. We intend no disrespect.

order (DVPO) against Brandon that protected Amy until 2099 and S.M. for 1 year. Brandon petitioned for dissolution a few weeks later and requested visitation with S.M. Amy opposed visitation. On January 18, 2019, Brandon was sentenced following a plea of guilty to assault in the third degree—domestic violence, perjury in the second degree, and unlawful possession of a firearm in the second degree. The court granted a criminal no-contact order protecting Amy from Brandon.

On July 18, 2019, the court entered an agreed order renewing the DVPO as to Amy and S.M. The order allowed Brandon contact with S.M. "consistent with the terms of any order or residential schedule" entered in the dissolution proceedings. Brandon had two supervised visits with S.M., the most recent of which was so difficult for the child that visits were suspended and never resumed.

On August 4, 2022, following trial, the court entered a final dissolution decree, parenting plan, and findings of fact and conclusions of law. The court found that Amy's request for an order of protection for S.M. should be granted "because the evidence at trial established a significant history of acts of domestic violence many of which occurred in the presence of the minor child." The parenting plan provided no visitation for Brandon, but allowed him to seek residential time after completing all the required evaluations and treatments. The court also awarded Amy $10,000 in attorney fees based on Brandon's intransigence, including "limiting factors, criminal activity, failure to follow orders, chemical dependency issues, [and] behavior at trial."

On September 2, 2022, the court entered a child support order and a one-year restraining order protecting S.M. from Brandon.

On September 6, 2022, Brandon filed a notice of appeal.

II.

Preliminarily, we address the scope of this court's review. "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a); RAP 10.3(g); RAP 12.1). A self-represented litigant must follow the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006).

Brandon's assignments of error implicate the restraining order protecting S.M., the dissolution decree, the parenting plan, and the findings of fact and conclusions of law. RAP 5.2(a) requires a party to file a notice of appeal within "30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed." Brandon filed his notice of appeal on September 6, 2022—more than 30 days after the court entered the dissolution decree, the parenting plan, and the findings of fact and conclusions of law. See RAP 18.6(a) (computation of time). And Brandon did not move to enlarge the time to file his appeal and consider its merits. See RAP 18.8. Brandon's appeal as to those orders must be dismissed as untimely. Moreover, Brandon's notice of appeal did not designate the parenting plan or findings of fact and conclusions of law for our review. See RAP 5.3(a)(3) (requiring that a notice of appeal "designate the decision or part of decision which the party wants reviewed."). Thus, the scope of Brandon's appeal is limited to his challenge of the trial court's September 2, 2022 restraining order protecting S.M.

III.

RCW 26.09.050(1) provides that a court may, in dissolving a marriage, "make provision for the issuance within this action of the restraint provisions of a domestic violence protection order or an antiharassment protection order under chapter 7.105 RCW."[2] Such orders are reviewed for abuse of discretion. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016); In re Marriage of Mishko and Kehr, 23 Wn. App. 2d 571, 578, 519 P.3d 240 (2022). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). We determine whether the trial court's findings are supported by substantial evidence in the record, and, if so, whether those findings support the conclusions of law. In re Dependency of Schermer, 161 Wn.2d 927, 940, 169 P.3d 452 (2007). Unchallenged findings of fact are verities on appeal. In re Marriage of Akon, 160 Wn. App. 48, 57, 248 P.3d 94 (2011).

Based on the record before us, Amy requested, and the trial court intended to enter, a DVPO. The dissolution decree entered on August 4, 2022, expressly stated: "It is appropriate for the court to grant the respondent's request for a protection order for the minor child. It shall be entered at a later date." And as to restraining order, the court wrote, "does not apply."

Brandon asserts that "[t]here is absolutely no reason for a restraining order between [him] and his son" because he "loves his son with all his heart and has never and would never hurt his son in any way." He fails to support this argument with citation

___

[2] The Domestic Violence Protection Act, former chapter 26.50 RCW, was repealed effective July 1, 2022. See LAWS OF 2021, ch. 215, § 170. Its provisions are now codified under Civil Protection Orders, ch. 7.105 RCW.

to legal authority or to the record, so we do not need to address it.  See RAP 10.3(a)(6) (requiring appellants to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."). In any case, Brandon's claim lacks merit.

A petition for a DVPO must allege the existence of domestic violence committed against the petitioner by an intimate partner or family or household member.  RCW 7.105.100(1)(a).  A petitioner may seek a DVPO on a minor's behalf.  RCW 7.105.100(1)(a).  Here, the trial court found that Brandon "has a history of acts of domestic violence which has . . . gone unaddressed," including acts of domestic violence against Amy, another intimate partner, and his own parents.  Brandon did not challenge these findings of fact, so they are verities on appeal.  Also unchallenged is the court's conclusion that Amy's request for an order protecting S.M. should be granted "because the evidence at trial established a significant history of acts of domestic violence many of which occurred in the presence of the minor child."  A parent's fear for the safety of their child is a legitimate basis to grant a DVPO.  Rodriguez v. Zavala, 188 Wn.2d 586, 589, 398 P.3d 1071 (2017).  And a child's exposure to domestic violence against a parent "constitutes domestic violence under [former] chapter 26.50 RCW." Rodriguez, 188 Wn.2d at 598.

Brandon further contends that reversal is required because he did not receive notice of the restraining order.  We disagree.  The dissolution decree, entered on August 4, 2022, following a trial in which Brandon participated, specifies that Amy's request for an order of protection for S.M. was granted and that the order would be entered at a later date.  The order entered on September 2, 2022, includes an

5

annotation on the signature line showing that Brandon "appeared in court" without signing the order. The record shows that Brandon repeatedly refused to sign orders previously entered in this matter. The trial court did not abuse its discretion or otherwise err in entering an order protecting S.M. from Brandon.

IV.

Amy seeks an award of attorney fees as a sanction for a frivolous appeal. RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs to the opposing party. "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal." In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." Schnurman, 178 Wn. App. at 644. We are convinced the appeal presents no debatable issues on which reasonable minds might differ and lacks merit. The appeal was also untimely as to all but one assignment of error. See In re Marriage of Penry, 119 Wn. App. 799, 804, 82 P.3d 1231 (2004) (describing an untimely appeal as "frivolous in the extreme"). We award reasonable appellate attorney fees to Amy under RAP 18.9 upon compliance with RAP 18.1.

Affirmed.

_Mann, J._

WE CONCUR:

_Chung, J._

_Coburn, J._